**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARIO MARQUEZ,
          Plaintiff,

v.                                                                                                No. CV-10-1061 CG

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR ATTORNEY FEES**

      **THIS MATTER** comes before the Court on Plaintiff Mario Marquez's *Motion for Attorney Fees Under Equal Access to Justice Act*, (Doc. 22), Plaintiff's *Memorandum in Support of Motion for Attorney Fees Under Equal Access to Justice Act*, (Doc. 24), and *Defendant's Response to Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act*, (Doc. 25). Plaintiff's attorney Barbara Jarvis states that her client is the prevailing party in this action and she requests that the Court award her attorney fees in the amount of $5,133.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 22). Defendant does not dispute that Plaintiff is the prevailing party but asserts that the fee request is excessive and should be reduced by over $700. (Doc. 25 at 1-4). Defendant further argues that the EAJA award may only be paid to the Plaintiff and not to Ms. Jarvis. (*Id.* at 4). Plaintiff did not file a reply to Defendant's response. The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised in the premises, **FINDS** that the fee request is excessive. The Court will therefore **GRANT IN PART AND DENY IN PART** Plaintiff's motion.

      Pursuant to the EAJA,

> [A] court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action...brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Requests for EAJA fees must be reasonable. *See, e.g.*, *Cameron v. Barnhart*, 47 F. App'x 547, 551 (10th Cir. 2002). Plaintiff has the burden of proving that the requested EAJA fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A reviewing court has the discretion to modify an unreasonable fee request. *Id.* at 437 n. 10.

### A.      Billing in Quarter Hour Increments

Defendant first objects to Ms. Jarvis' decision to bill her time in quarter-hour increments. (Doc. 25 at 1-2). Defendant argues that billing in quarter-hour increments is imprecise and does not accurately reflect the amount of time actually expended by an attorney on any given task. (*Id.*). Defendant claims that billing .25 hours for 1) receiving and reviewing the Magistrate Judge assignment on 11/9/2010, 2) receiving and reviewing the entry of appearance order and consent to proceed order on 12/14/2010, and 3) receiving and reviewing the calendar order on 2/09/2011 is unreasonable because each of those tasks would take no more than a few minutes. (*Id.* at 2). The Court is asked to award no more than .1 hours (6 minutes) for each of those entries. (*Id.*).

Federal courts have repeatedly cautioned attorneys against billing in quarter-hour increments because it results in overpayment for simple tasks. *See, e.g.*, *Edwards v. National Business Factors, Inc.*, 897 F.Supp. 458, 461 (D. Nev. 1995) ("[T]he Court is somewhat troubled by Mr. Gliner's practice of billing in quarter of an hour increments rather

than the more traditional tenth of an hour increments. In real terms, this means that every time Mr. Gliner recorded an entry . . . he charged at least $43.75 regardless of the actual time spent in connection with the activity."); see also (Doc. 25 at 1-2 (collecting cases)). The Court agrees that billing .25 hours of work for each of the three aforementioned tasks is unreasonable. The Court will therefore reduce the award for those three entries from .75 hours to .3 hours.

### B. Billing for Secretarial Tasks

Defendant argues that some of the activities listed in Ms. Jarvis' fee request are secretarial tasks that are not compensable under EAJA. (*Id.* at 3). These activities include, 1) appointment with client, preparation of in forma pauperis, civil cover sheet, summons, complaint, and certified return receipt on 11/09/2010, 2) preparing and filing consent to proceed forms on 11/22/2010, 3) issuing summons on 11/22/2010, and 4) setting up the DC file on 2/02/2011. (*Id.*).[1]

It is well settled that attorneys may not legitimately bill for clerical or secretarial work. *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 199) ("[T]he Court should disallow not only hours spent on tasks that would normally not be billed to a paying client, but also those hours expended by counsel on tasks that are easily delegable to non-professional assistance."). The Court concurs with Defendant that, aside from the client meeting and in forma pauperis

---

[1] Defendant acknowledges that meeting Mr. Marquez and preparing his in forma pauperis application are compensable activities under EAJA. (Doc. 25 at 3, n. 1). However, Defendant argues that preparing the civil cover sheet, summons, and certified return receipt are non-compensable secretarial tasks and therefore seeks to reduce the total time for this entry from 2 hours to 1 hour. (*Id.*).

application on 11/09/2010, the previous four entries constitute secretarial tasks. The Court will reduce the award for those activities from 4.25 hours to 1 hour.

### C.     Excessive Billing

Defendant claims that billing 2 hours to review the Appeals Council Denial and review issues for the District Court on 9/29/2010 is excessive. (Doc. 25 at 4). Defendant notes that the Appeals Council decision was no more than a paragraph long. (*Id.*). With regard to the "review of issues" for the District Court, Defendant claims that Ms. Jarvis was intimately familiar with Plaintiff's case prior to September of 2010. Ms. Jarvis had represented Mr. Marquez since 2006 and had drafted comprehensive objections to the administrative law judge's decision only two months prior to her review of Plaintiff's issues for the District Court. (*Id.*). Defendant seeks to reduce the EAJA award for this entry from 2 hours to 1 hour. (*Id.*).

The Court agrees that a review of the Appeals Council decision would have taken little time and further agrees that Ms. Jarvis was already aware of Plaintiff's prospective legal arguments at the time of the Appeals Council denial. Because it is Plaintiff's burden to prove that EAJA requests are reasonable and because Plaintiff has made no effort to contradict Defendant's objections, the Court will grant the requested reduction.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Attorney Fees Under Equal Access to Justice Act*, (Doc. 22), be **GRANTED IN PART AND DENIED IN PART**. Consistent with this Order, the Court reduces the compensable EAJA award from 29 hours to 25.05 hours. Plaintiff Mario Marquez[2] is authorized to receive **$4,358.70** in fees for

---

[2] *See Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) (requiring EAJA fees to be paid to the claimant).

payment to his attorney for services before this Court.[3]

 

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

---

[3] In the future, if Mr. Marquez's counsel is also awarded attorney fees pursuant to 42 U.S.C. § 406(b), she shall refund the smaller award to Mr. Marquez pursuant to *Gisbrecht v. Barnhart*. 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal quotation marks and alteration omitted)).