IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIO MARQUEZ,
               Plaintiff,

v.   No. CV-10-1061 CG

MICHAEL J. ASTRUE,
Commissioner of Social Security,

               Defendant.

### ORDER

**THIS MATTER** comes before the Court on Plaintiff's *Motion for Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(B)*, (Doc. 27), and Plaintiff's *Memorandum in Support of Motion for Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(B)*, (Doc. 28). Defendant filed a *Response to Plaintiff's Motion for an Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(B)* but declined to assert a position with regard to the reasonableness of the requested award. Plaintiff did not file a reply to Defendant's response. (Doc. 29). Plaintiff's attorney, Barbara Jarvis, moves the Court for an order authorizing attorney fees in the amount of $25,678.38 for legal services rendered before the Honorable United States Magistrate Judge Don J. Svet and this Court. (Doc. 27 at 1-2). Having reviewed the parties' filings, the relevant law, and otherwise being fully advised in the premises, the Court **FINDS** that the motion should be **GRANTED IN PART AND DENIED IN PART**.

    **I.**    **Procedural Posture**

Barbara Jarvis was retained to represent Plaintiff in 2005 as he attempted to obtain social security disability benefits. (Doc. 28-3 at 1). Plaintiff entered into a contingency fee

arrangement with Ms. Jarvis wherein he agreed that she would receive twenty-five percent of any past due benefits he received from the agency in the event of a favorable agency decision. (Doc. 28, Exs. D, E). Ms. Jarvis appealed two unfavorable decisions by the Administrative Law Judge ("ALJ"), once in 2006 and once in 2010. (Doc. 27, Ex. A at 5-6). She secured a remand of the ALJ's decision on both occasions. (*Id.*). Ms. Jarvis expended over 51 hours working on Plaintiff's two appeals. (Doc. 28-1 at 1-2). Following the second remand, Plaintiff's case was assigned to a new ALJ and he received a fully favorable decision from the agency based solely on the record. (Doc. 27, Ex. A). The agency calculated Plaintiff's past-due benefits for the period from 2005-2012 at $128,391.90. (Doc. 27, Ex. B at 3). The agency withheld 25% of the past due benefits - $32,097.97 - for payment of Ms. Jarvis' fee agreement. (*Id.* at 4). The agency has already paid Ms. Jarvis $5,214.00 for her representation of Plaintiff in the administrative proceedings. (Doc. 28 at 3). Ms. Jarvis now seeks fees in the amount of $25,678.38 for her representation before the federal court.

## II.     Awarding Attorney Fees Under 42 U.S.C. § 406(b)(1)(A)

As provided for by statute, a Court may allow "a reasonable fee . . . not in excess of 25 percent of the total of past-due benefits" awarded to a social security claimant who receives a favorable decision before the agency. 42 U.S.C. § 406(b)(1)(A). The fee is deducted from the claimant's past-due benefits. When considering whether to enforce a fee agreement under § 406(b), the touchstone of the inquiry is reasonableness. *Id.* at 807. The Court has stated that the requesting attorney "must show that the fee sought is reasonable for the services rendered," and that "§ 406(b) calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in

particular cases." *Gisbrecht v. Barnhart*. 535 U.S. 789, 807 (2002).

When faced with a fee request under § 406(b)(1)(A), the Court first looks to the contingent-fee agreement and tests it for reasonableness. However, the Supreme Court has identified several additional factors to consider when assessing the reasonableness of the fee agreement: i) whether the attorney's representation was substandard, ii) whether the attorney was responsible for any delay in the resolution of the case, and iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* at 808.[1]

The Court notes that the award of fees under § 406(b)(1)(A) is separate and distinct from the award of benefits under the Equal Access to Justice Act ("EAJA"), which are frequently awarded in social security cases. EAJA fees are available to a party who prevails against the United States in certain civil cases in federal court, whereas § 406 fees are only available to a party who secures a favorable decision at the administrative level. *Frazier v. Apfel*, 240 F.3d at 1284, 1286 (10th Cir. 2001) ("EAJA fees and fees available under § 406 fees are two different kinds of fees that must be separately awarded."). Plaintiff has already received $8,692.20 in EAJA fees for his two successful appeals in federal court. (Doc. 28 at 5). Ms. Jarvis indicates that she will refund the $8,692.20 to Plaintiff since she is only allowed to retain the larger of either the EAJA or §406 award. *Gisbrecht*, 535 U.S. at 796

---

[1] Ms. Jarvis suggests that the Court examine the six-factor test outlined in *McGuire v. Sullivan*, 873 F.3d 974 (7th Cir. 1989) for determining the reasonableness of the fee request. (Doc. 28 at 3). The *McGuire* factors consider the time and labor required to prosecute the case, the skill required, the contingency of the fee, that amount involved and result attained, the experience, reputation, and ability of the lawyer, and awards in similar cases. *Id.* at 983. While the Tenth Circuit has never required that district courts engage in a extended discussion of the *McGuire* factors, the Court has considered them in assessing the reasonableness of the fee request.

(2002) ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal quotation marks and alteration omitted)).

### III.   Analysis

In this case the Court finds that the three factors weigh in favor of granting Ms. Jarvis' fee award in part. With regard to the first factor, the Court finds that Ms. Jarvis' representation was anything but substandard. She successfully appealed two unfavorable administrative decisions and developed her theory of the case appropriately considering the changed circumstances between both appeals. With regard to the second factor, the Court finds that Ms. Jarvis did not unduly delay the resolution of this case. Although Plaintiff's case was long delayed at the administrative level, that delay was not the fault of Ms. Jarvis as she attempted numerous times to move the case forward. (*See* Doc. 16 at 1-2). Therefore, the Court finds that both factors weigh in favor of granting Plaintiff's motion.

The final factor, whether the contingency fee results in a disproportionate award in comparison to the time spent on the case, weighs against granting Ms. Jarvis' fee request in its entirety. Although Ms. Jarvis ably prosecuted Plaintiff's case, the large size of Plaintiff's past-due benefit award was due in significant part to the long delay at the administrative level between the two appeals. Judge Svet remanded Plaintiff's case to the Commissioner for Social Security with instructions for further action in August of 2007. (Doc. 27, Ex. A at 5). Following Judge Svet's order, the ALJ held a supplemental hearing in March of 2008. (*Id.* at 6).  At that point the ALJ took no further action and refused to issue a decision for over two years. (*Id.* at 6; Doc. 16 at 2). Ms. Jarvis made multiple calls to the Administration, prepared a motion to compel, and sought the assistance of the

4

United States' Attorney's Office in an effort to obtain a decision. (Doc. 16 at 2). Ultimately, the ALJ did not enter her decision until July 6, 2010, two years and four months after the hearing. (*Id.*).

Although this delay of more than two years was in no way Ms. Jarvis' fault, it significantly increased the amount of Plaintiff's past-due benefits, accounting for almost a third of the benefits awarded.[2] Even taking into account the risk of loss that Ms. Jarvis assumed by agreeing to represent Plaintiff on contingency, the Court finds that including those 28 months of inaction in the calculation of Ms. Jarvis' fee award would result in a "windfall" for Ms. Jarvis since essentially no action was taken on Plaintiff's case during those several years. The Tenth Circuit has agreed that a reduction of § 406(b)(1)(A) awards is reasonable when delay at the administrative level results in a unusually large award of past-due benefits. *Gordon v. Astrue*, 361 F. App'x 933, 936 (10th Cir. 2010) (Affirming the reduction of a law firm's 406(b) award by over seven thousand dollars because "the case languished at the administrative level for years and . . . this delay, not just the firm's contributions, contributed significantly to the unusually large award of back benefits such that to grant the amount requested would result in a windfall.") (internal quotation marks omitted); *see also DeQuinze v. Astrue*, 2011 WL 5977999 at *1-2 (D. Colo. Nov. 29, 2011).

To avoid awarding Ms. Jarvis an unreasonable windfall, the Court will not count the 28 months of delay at the administrative level for the purposes of calculating the §406(b)

---

[2] Plaintiff's award of past-due benefits covered the period from January of 2005 until March of 2012, accounting for a total of 87 months. The period of delay where the ALJ refused to file a decision accounted for 28 months, almost a third of the entire compensable period.

fee award. The 28 months of delay accounted for $43,999.20 of Plaintiff's back benefits award. (*See* Doc. 27, Ex. B at 1 (Plaintiff's benefit award for the years of 2008-2010 was $1,571.40 per month. $1,571.40 x 28 = $43,999.20)). Reducing Plaintiff's past-due benefit award of $128,391.90 by that amount results in an award of $84,392.70. Twenty-five percent of that award, which is the maximum allowable under the law, comes out to $21,098.17. The Court finds that an award of $21,098.17 is reasonable and should adequately compensate Ms. Jarvis for her representation before Judge Svet and this Court.[3]

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(B)*, (Doc. 27), be **GRANTED IN PART AND DENIED IN PART**. The Court will award $21,098.17 in fees.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that the $21,098.17, combined with the $5,214.00 already awarded by the Commissioner for services at the Administrative level, results in a rate of over $510 per hour. This fee award is within the range of other fees awards authorized in this District under § 406(b). *See, e.g.*, *Dimas v. Astrue*, Civ. 03-1157 RHS (Doc. 34) (awarding $17,000 for 38.26 hours, or $ 444.33 per hour); *Ferguson v. Barnhart*, Civ. 02-823 KBM (Doc. 29) (awarding $ 7,000 for 13.55 hours, or $ 516.60 per hour); *Jaramillo v. Barnhart*, Civ. 00-1208 JP/DJS (Doc. 28) (awarding $ 10,000 for 22.3 hours, or $ 448.43 per hour).